THE STATE OF LOUISIANA *v.* HOOTEN.

The decision in the case of *The State* v. *Parker*, 15 An. 231, re-affirmed. ·

This Court will not examine cases of mixed law and fact in criminal matters. The decisions in the cases of *State* v. *Bass*, 11 An. 478, and *State* v. *Ward*, 14 An. 673, re-affirmed.

APPEAL from the Dist. Court of the Parish of East Feliciana. *McVea*, J. *T. J. Semmes*, Attorney General, for plaintiff. *D. B. Sanford*, for defendant and appellant.

DUFFEL, J. The accused was indicted, tried and convicted, under the 94th section of the Act approved March 14th, 1855, entitled: "An Act Relative to Crimes and Offences." The section reads: "That whoever shall keep a grog or tippling shop, or retail spirituous liquors, without previously obtaining a license from the Police Jury, town or city authorities, on conviction, shall be fined not less than one hundred, nor more than five hundred dollars, and in default of payment, shall be imprisoned not less than fifteen days, nor more than four months."

The accused was fined $301 for the offence of *retailing spirituous liquors without license,* and failing in his endeavors to obtain a new trial and an arrest of judgment, he took this appeal.

The record does not contain any bill of exceptions, nor the charge of the Judge as given to the jury, but the defendant relies on his assignment of errors for relief.

It is contended, in the first place, and on this ground was the motion in arrest of judgment made, that the authorities of the town of Jackson having passed an ordinance absolutely inhibiting the selling of spirituous liquors in said town, (the offence is charged to have been committed within its limits,) under a fine not exceeding fifty dollars, that therefore, the 94th section above copied remains inoperative under the second section of the act also approved March 14th, 1855, entitled "An Act relative to drinking houses," p. 178.

The first section of said act gives to the police juries of the several parishes, the municipal authorities of the several towns and cities, and the board of aldermen and assistant aldermen, together with the mayor of the city of New Orleans, the exclusive power to make such laws and such regulations, for the sale or prohibition of the sale of intoxicating liquors, as they may deem advisable, and to grant or withhold licenses from drinking houses and shops, as the majority of the legal voters of any city, &c., may determine by ballot. And the second section provides: "That the State relinquishes all right to grant licenses in any town, city or parish, in which it is not granted by the authorities. Whenever any license may be granted, the State shall have power to collect the tax coming to the State, for such licensed drinking houses or shops."

This point was submitted to us last year, when we held that the two acts were not inconsistent, but might well be construed together. See the case of *The State* v. *Parker*, 15 An. 231. Our opinion remains unchanged.

In our sense, no one, who has sold or retailed spirituous liquors without a license, can escape the penalty imposed by the 94th section of the act first cited.

It is contended, in the second place, that the testimony taken on the <span style="float:right">THE STATE<br>*v.*<br>HOOTEN.</span> trial of the motion for a new trial, and which was before the jury on the first trial, and is annexed to the bill of exceptions taken to the refusal of the Judge to grant the new trial, does not disclose any sale.

This is evidently a mixed question of law and fact, which we cannot examine. *State* v. *Bass*, 11 An. 478; *State* v. *Ward*, 14 An. 673.

Judgment affirmed.

VOORHIES, J., absent.